NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GARY FREEMAN NOEL, *Petitioner*.

No. 1 CA-CR 16-0132 PRPC
FILED 8-17-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-109169-001
The Honorable David B. Gass, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Gary Freeman Noel, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Chief Judge Samuel A. Thumma joined.

---

**D O W N I E**, Judge:

**¶1**         Gary Freeman Noel petitions for review of the dismissal of his underlying petition for post-conviction relief.  For the following reasons, we grant review but deny relief.

**¶2**         Noel was indicted on charges of: (1) arson of an occupied structure; (2) burglary in the first degree; (3) criminal damage; (4) cruelty to animals; (5, 6) endangerment; (7) aggravated domestic violence; and (8) interfering with judicial proceedings.  Noel pleaded guilty to arson of an occupied structure, a dangerous offense, and burglary in the first degree, as amended; both counts were designated non-repetitive offenses.  Noel avowed to having one prior felony conviction and to being on release or probation when he committed the offenses at issue.  The superior court sentenced Noel to a term of 12 years' imprisonment, to be served upon completion of a prison term ordered in an unrelated case.[1] Noel was also given a probation term of seven years upon his release from prison.

**¶3**         Noel filed a timely notice of post-conviction relief, and the superior court appointed counsel to represent him.  Post-conviction relief counsel filed a notice of completion of post-conviction review and requested an extension of time for Noel to file a *pro per* petition.  Noel's *pro per* "of right" petition for post-conviction relief asserted claims of ineffective assistance of counsel during the plea negotiation phase and at sentencing for failing to raise what he perceived to be a mitigating circumstance — his mental health history.  The superior court dismissed the petition for post-conviction relief, concluding counsel's actions comported with prevailing professional norms.

**¶4**         On review, Noel again asserts ineffective assistance of counsel at sentencing because defense counsel did not present evidence of "years of

---

[1] The unrelated case was a probation violation matter — Maricopa County Superior Court cause number CR2012-157771-002.

mental health history." Noel also contends he was "entitled to the retroactive application of the Ninth Circuit Court of Appeals December 29th, 2015 holding in [*James Erin McKenney vs. Charles L. Ryan*], No. 09-99018, which holds that Arizona's Casual Nexus Test for non-statutory mitigation 'violates the U.S. Constitution [sic].'"

¶5 To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To demonstrate prejudice, a defendant must show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If a defendant fails to make a sufficient showing as to either prong of the *Strickland* test, the trial court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶6 A review of the record reveals that the trial court was advised Noel suffered from mental health issues both through defense counsel's sentencing memorandum and by statements made in court. Additionally, Noel addressed his psychiatric evaluations and prescriptions at sentencing. The court stated that Noel's substance abuse and "related history" were mitigating factors. But the court found that the aggravating factors outweighed the mitigating factors and that an aggravated sentence was appropriate. The sentencing court is the same court that ruled on Noel's petition for post-conviction relief, and it not only found Noel's 15-year-old proffered mental health treatment information to have no exculpatory value, but also found it was "well within [the] prevailing professional norms to choose not to raise the issue, particularly when that issue would have been of nominal probative value." Finally, the court concluded that had it been given the information Noel advocates, the sentence would have been the same.

¶7 Noel did not raise a colorable claim for which post-conviction relief may be granted. Further, he has failed to demonstrate that counsel's representation was deficient or that any purported deficiency prejudiced him.

## CONCLUSION

¶8        Under these circumstances, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA